*1325 OPINION.
Arundell :
Counsel for the petitioner abandoned the issue raised as to the proper basis for computing the profit realized in 1924 on the sale of a portion of the real estate acquired from Kerbaugh in 1922, and the deductibility of a net loss sustained in 1922. Ke-spondent’s counsel conceded at the hearing that the sum of $2,000 paid by petitioner in 1924 for 1923 taxes is deductible. Counsel for the parties agreed that if the item of $800 is deductible as a business expense, this amount, instead of $169.39 shown on the return as a *1326 net loss, would constitute a net loss in 1923 to be carried forward into 1924. This action of the parties leaves for decision the question of whether the items of $800, $1,000, and $2,000 are deductible as ordinary and necessary business expenses, as contended by petitioner, or whether they should be capitalized as contended by respondent. No point is now being made by respondent that the fees were not paid by petitioner in the first instance.
The sketch prepared for petitioner in 1923 at a cost of $800 was procured and used for the purpose of demonstrating the suitability of lots in the tract of land for certain types of buildings. While the drawing might prove useful until the entire property was disposed of, the expenditure was so essentially a selling expense that we think its deduction should be allowed as an ordinary and necessary expense of carrying on a trade or business.
The sums of $1,000 and $2,000 paid to Cohen for drawing plans and specifications for a garage and other buildings seem to us to fall into a different category. These plans were not to be used as “ sales talk ” in disposing of the vacant land. Petitioner conceived the idea of itself building on a portion of the property, and to that end had plans drawn. Sums expended for architects’ services under such circumstances are capital expenditures and are to be added to the cost of the building the same as expenditures of labor and material used in its construction. The garage project was abandoned on the refusal of the city to issue a permit for its erection. The findings do not disclose when this took place or the year when the decision was reached to abandon the other two projects, but apparently it was subsequent to 1924, as Cohen was still working on some or all of the plans as late as February 26, 1925. The respondent’s action in disallowing any deduction for these expenditures must be sustained. They constitute deductible losses in the year in which the building project was abandoned. Tom, Moore, 19 B. T. A. 140.

Decision will be entered under Bule 50.